IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01903-BNB

ARTHUR JAMES GRIFFIN JR.,

    Applicant,

v.

WITNESS: BOOKING OFFICER, Serial #506047, and
THE ATTORNEY GENERAL FOR THE STATE OF COLORADO,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Arthur James Griffin, Jr., is detained at the Denver County Jail in Denver, Colorado. On July 8, 2014, Applicant filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. After review of the Application, Magistrate Judge Boyd N. Boland entered an order on July 9, 2014, directing Applicant to cure noted deficiencies. First, Magistrate Judge Boland found Applicant's claims more properly are filed pursuant to 28 U.S.C. § 2241 and that he should submit the claims on a Court-approved form used in filing § 2241 actions. Magistrate Judge Boland also directed Applicant to provide a statement of his claims and the facts supporting each claim on Pages Two through Four of the Application form. Finally, Applicant was directed to submit an account statement that is certified.

    Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires he go beyond notice pleading, *see Blackledge v. Allison*, 431 U.S. 63,

75 n.7 (1977), and that naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action, *see Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Rule 1(b) of the Rules Governing Section 2254 Cases applies the rules to habeas corpus petitions other than § 2254 actions.

Consistent with Rule 4, Applicant was directed to state his claims and supporting facts on a Court-approved form. The Court finds Magistrate Judge Boland correctly determined that the Application was deficient and that in order to cure the deficiency Applicant must submit a new Application that states his claims and supporting facts on a Court-approved from used when filing a § 2241 action.

Applicant has failed to respond to the July 9, 2014 Order. As a result, he has failed to comply with Magistrate Judge Boland's directives within the time allowed. Therefore, the action will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure deficiencies and for failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperi*s on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  19th  day of   August   , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court